## POSTAL TELEGRAPH-CABLE CO. *v.* ALABAMA AND VICKSBURG RAILWAY CO.

1. TELEGRAPH COMPANIES. *Condemnation of right of way. Act of Mar.* 16, 1886. *Damages.*

   In a proceeding by a telegraph company under the above act (Laws 1886, p. 93), to condemn a right of way for its lines along the right of way of a railroad company, the award of the commissioners appointed to assess damages cannot be set aside by the circuit judge unless he "shall be of the opinion that the commissioners acted upon testimony that was irrelevant or incompetent, and that their award was contrary to law and such evidence as was competent and relevant, and that injustice has been done."

2. SAME. *Value of right of way; how ascertained. Award.*

   Witnesses for petitioner stated that the injury to the railroad company would be limited to two or three dollars per mile, the value of the land actually taken for the telegraph poles. Witnesses for the railroad company swore that such right of way would be worth to said company, either for use or for sale, $200 a mile. *Held,* that an award of $40 a mile would not be disturbed.

3. SAME. *Condemnation of right of way. Measure of damages.*

   In such inquest the railroad company should be awarded, besides any other damages sustained, compensation to the extent that such right of way is of value to it either for use or for sale.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

By an act of the legislature, approved March 16, 1886, entitled, "An act to encourage and facilitate the construction of telegraph, telephone and other like lines in the state of Mississippi," it was provided, among other things, that any telegraph company desiring to construct its lines along the right of way of any railroad in this state, and failing to obtain by negotiation such right of way, might obtain the same by condemnation proceedings. The act provides that such telegraph company may file its petition in the office of the clerk of the circuit court of any county in which a portion of the railroad is located, and obtain a writ commanding the sheriff to summon nine good and lawful men, citizens of the county, from whom five commissioners shall be chosen to make assessment "of the due

compensation for the cash value and actual damage which the owner or owners of said . . . . railroad . . . . shall be entitled to have for the appropriation thereof to the use of the petitioner." In another part of said act it is provided that no evidence shall be received in respect to the title or ownership of the property, or upon any question other than that of the cash value of the lands sought to be appropriated by the telegraph company, and " the injuries then necessarily known to result to said railroad company as the necessary and immediate consequence of the appropriation sought."

It is further provided that after return of their report to the clerk of the circuit court, either party may by motion to the judge of the circuit court obtain a new inquest and assessment, provided " the judge shall be of the opinion that the commissioners acted upon testimony that was irrelevant or incompetent, and that their award was contrary to the law and such evidence as was competent and relevant, and that injustice has been done."

The appellant, desiring to construct a line of telegraph across the state of Mississippi, along the right of way of the appellee, the Alabama and Vicksburg Railway Co., filed its petition under the said act of 1886 to have the necessary assessment by commissioners of the value of the right of way and actual damage to the railroad company. To this petition the railroad company filed a demurrer, assigning, among other causes, that the said statute is unconstitutional in that it provides for the assessment of damages by a commission of five, instead of a jury of twelve men. The demurrer was overruled. Commissioners were selected, and evidence introduced before them. Witnesses in behalf of the petitioner testified that the cash value of the land sought to be appropriated was between two and three dollars per acre ; that the land occupied by the telegraph poles would be all that petitioner would appropriate, and that there could not be any actual damage to the railroad company by reason of the construction and maintenance of such line of telegraph.

In behalf of the railroad company it was shown that its right of way was already occupied by the lines of the Western Union Tele-

graph Co., with which said company had a traffic arrangement mutually beneficial to them. It was also shown that advantages would accrue to the telegraph company by building along the right of way of the railroad rather than along the public highway, these benefits accruing both during the erection and afterwards in the operation of the telegraph line. But the evidence submitted by the appellants contradicted this view.

A superintendent of the Western Union Telegraph Company testified as to the contract between his company and the appellee, and stated as the result of his long experience that the right of way for his company along the right of way of the railroad company was worth to the latter company as much as $200 per mile. A superintendent of a railroad was also introduced, who testified that from his experience as to the benefits to a telegraph company in constructing and operating its line along that of a railroad, such right of way was of the value of $100 per mile.

The commissioners by their award gave to the railroad company damages at the rate of $40 per mile, the aggregate award for the right of way across the state of Mississippi being $5680. The petitioner, the telegraph company, has prosecuted this appeal from the judgment of the circuit judge overruling its motion to set aside the award and order a new assessment.

*McIntosh, Williams & Russell,* for appellant.

The award of the commissioners should have been set aside. Appellee was entitled only to the loss sustained by it by the appropriation of its property to the use of the appellant. It was entitled to the value of the property at the time of its appropriation and the injury resulting to it as the necessary and immediate consequence. *Isom* v. *R. R. Co.,* 36 Miss. 300.

In view of the explicit provision as to what evidence should be receivable, it was error to allow evidence of the contract between the Western Union Telegraph Co. and the appellee. The argument is that the railroad company is entitled to $200 per mile, because its contract with the Western Union is worth that much to it. Such an exclusive contract is held generally to be void as against

public policy, and the railroad company has no right to base any legal claim upon the value of such an illegal contract.

Independently of the act of 1886, it is incompetent to prove anything else than the difference in value before and after the improvement.  Mills on Eminent Domain, § 159; 16 Barb. 273; 37 Iowa, 99; 68 Mo. 294; *Levee Comrs.* v. *Harkleroads*, 62 Miss. 807.

The inquiry should be, what would make the owner whole?  39 Ib. 23.  The question is not, what is the value of the land to the party condemning the land.    127 Mass. 358; 137 Ib. 163; 5 Nev. 358; 31 Minn. 297.

The just compensation secured by the constitution need not exceed the injury suffered.  Pierce on Railroads, 221; Sedgwick, Meas. Dam. 662.

The defendant is entitled to his own losses, not the petitioner's gains.  *Sullivan* v. *Lafayette County*, 61 Miss. 271; 89 U. S. 403.

*W. L. Nugent,* for appellee.

It is competent for a railroad company to build itself, or by contract with some other company, a telegraph line necessary along its route.    19 Kan. 520; 89 Ind. 525; 136 Mass. 75.

It was competent, then, for the appellee to contract with the Western Union Telegraph Co. to build and maintain a line of telegraph along its right of way.  It was perfectly competent for the commissioners to consider the advantages to the railroad company of the competing line of telegraph along its right of way.  The appellee was under no obligation to appellant, and was authorized to treat with it as with any other person bargaining for the facilities it had to offer.  The appellant was not compelled to go along the appellee's right of way, but if it seeks to condemn the entire right of way through the state along appellee's road, it should pay for the full value such a line would be to the railroad company, and the damages which the railroad company would necessarily sustain.  It is evident that the commissioners did not proceed on wrong principles in reaching their conclusion.  Their award is reasonable and very favorable to the petitioner.  No cast-iron rule can be laid down to cover all imaginary cases.  The act itself provides for evidence as to the cash value and the injury sustained by

the railroad company. The meaning of just compensation is that the owner of the thing taken shall be made whole. *Henry* v. *Railroad Co.*, 2 Iowa, 300; 78 Pa. St. 454; 1 Sutherland, Dam. 17.

It is sometimes very difficult to establish a rule that shall be entirely just and equitable. Cooley on Con. Lim. § 699; 22 N. J. 495.

Petitioner did not bring itself within the rule prescribed by the act for obtaining a new assessment. The commissioners were not bound by the evidence of experts or the apparent weight of evidence, but could give their own conclusion. Mills, Em. Dom. 246. They were authorized to consider every fact in making up their award, and the court cannot set it aside unless injustice has been done.

Campbell, J., delivered the opinion of the court.

It is not apparent from the record that "the commissioners acted upon testimony that was irrelevant or incompetent, and that their award was contrary to law and such evidence as was competent and relevant, and that injustice has been done;" and, therefore, it was not error for the circuit judge to refuse to order a new inquest. In such cases as this much must be left to the determination of the commissioners, for it is often exceedingly difficult to arrive at even approximate justice where questions of value are to be determined. Scarcely anything is so variable, according to circumstances, as value. When it comes to determining the value of a right of way for a telegraph line over the right of way of a railroad company, we are met by the difficulty of the absence of any satisfactory criterion of value, except the opinions of those familiar with such matters, as to its worth in the market. To the extent that the right of way to a telegraph company over this railroad right of way is of value to the railroad company for any use or for sale, and for any damage to the railroad company besides the deprivation of the use, and the profit of a sale, the railroad company is entitled to be compensated, for less than this will not make it whole, and to be made whole is the measure of its right.

*Affirmed.*